

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 18 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
TINA CONCEPCION AND RAYMOND
CONCEPCION,

                Plaintiffs,

- against -

CITY OF NEW YORK, *et al.*,

                Defendants.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

15-CV-4844 (AMD) (LB)

**ANN M. DONNELLY,** United States District Judge:

On May 6, 2019, I granted the defendants' motion for summary judgment and dismissed the plaintiffs' remaining claims. (ECF No. 122.) Judgment in favor of the defendants was entered on May 7, 2019, and on June 4, 2019, the plaintiffs moved for reconsideration and relief from the judgment, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(6). (ECF No. 124-1.) For the following reasons, the plaintiffs' motion is denied.

## DISCUSSION

I assume the parties' familiarity with the underlying facts of this case, which were detailed in the May 6, 2019 opinion and order. (*See* ECF No. 122.)

A motion for reconsideration pursuant to Rules 59(e) or 60(b) "is the proper vehicle for bringing to the Court's attention matters it may have overlooked in its initial ruling." *Pall Corp. v. 3M Purification, Inc.*, Nos. 97-CV-7599, 03-CV-92, 2015 WL 5009254, at *1 (E.D.N.Y. Aug. 20, 2015); *Arnold v. Geary*, 981 F. Supp. 2d 266, 268–69 (S.D.N.Y. 2013), *aff'd*, 582 F. App'x 42 (2d Cir. 2014). Such motions "are held to a strict standard;" "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion

1

reached by the court." *Mirkin v. XOOM Energy, LLC*, No. 18-CV-2949, 2018 WL 6381456, at *1 (E.D.N.Y. Dec. 6, 2018) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *see also Shrader*, 70 F.3d at 257 (explaining that motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided"); *Singer v. Macy's E., LLC*, No. 06-CV-5542, 2007 WL 9711179, at *1 (E.D.N.Y. Nov. 15, 2007) ("Motions for reconsideration may not be granted where the party seeks solely to repackage or relitigate arguments and issues already considered by the Court.").

Movants seeking relief pursuant to Rule 60(b)(6) must show "extraordinary circumstances" justifying relief. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)); *see also Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) (Rule 60(b)(6) is "properly invoked only when there are extraordinary circumstances justifying relief"); *United States v. Cirami*, 563 F.2d 26, 35 (2d Cir. 1977) (movant must "make out a strong case that he had a meritorious defense which could have been asserted but for a truly extraordinary turn of events not covered by the first five clauses of the rule"). The rule's "extraordinary circumstances" threshold is high; courts consistently deny Rule 60(b)(6) motions from movants who received unfavorable summary judgment decisions and fail to meet the standard. *See, e.g., Spira v. Ashwood Fin., Inc.*, 371 F. Supp. 2d 232, 234 (E.D.N.Y. 2005); *Patel v. Lutheran Med. Ctr., Inc.*, 775 F. Supp. 592, 598 (E.D.N.Y. 1991) ("As plaintiff has demonstrated no misconduct or excusable default on the part of defendants, and indeed no

exceptional circumstances, relief under clause (6) is not available and is denied."); *see also Analytical Surveys*, 684 F.3d at 52; *Westport Ins. Corp. v. Goldberger & Dubin, P.C.*, 255 F. App'x 593, 595 (2d Cir. 2007) (affirming Rule 60(b)(6) denial because "extraordinary circumstances" were not shown); *Cole v. Millard Fillmore Hosp.*, 116 F.3d 465 (2d Cir. 1997) (same).

The plaintiffs argue that there are genuine disputes of material fact that precluded summary judgment on the issues of probable cause, qualified immunity, and excessive force. (ECF No. 124-1.) However, in deciding the defendants' motion for summary judgment, I viewed all facts in the light most favorable to the plaintiffs and found that there were no genuine disputes of material fact as to those subjects.[1] (*See* ECF No. 122.) The plaintiffs have not identified any new issues; rather, they make essentially the same points as in their summary judgment briefs. (*See* ECF No. 96; *see also Analytical Surveys*, 684 F.3d at 52.) They also have not cited any "controlling decisions or data" that I overlooked in my decision. *Singer*, 2007 WL 9711179, at *3 ("Defendants have failed to meet their burden in a motion for reconsideration because they have not cited to any newly-discovered evidence or pointed to any facts or precedent that the Court overlooked in its Order.").

Nor have the plaintiffs shown that there are "extraordinary circumstances" warranting relief. *See Mirkin*, 2018 WL 6381456, at *1; *Vindigni v. Meyer*, 441 F.2d 376, 377 (2d Cir.

---

[1] The plaintiffs do not cite any caselaw – and the Court does not know of any – holding that Rule 60(b)(6) is the appropriate vehicle for the challenge that they make: that I did not apply the correct standard in analyzing the facts. A motion pursuant to Rule 60(b)(1) would seem to be the better fit. *See Badian v. Brandaid Communications Corp.*, 2005 WL 1083807, at *2 (S.D.N.Y. May 9, 2005) ("Relief under 60(b)(1) is ... appropriate where a court may have overlooked certain parties' arguments or evidence in the record."). "Rule 60(b)(1) and 60(b)(6) are mutually exclusive, so that any conduct which generally falls under the former cannot stand as a ground for relief under the latter." *Spira*, 371 F. Supp. 2d at 236 (quoting *Cirami*, 535 F.2d at 740). In any event, I would have denied a motion pursuant to Rule 60(b)(1). *See id.* (denying Rule 60(b)(1) motion because "plaintiff is advancing the same arguments she advanced at the summary judgment stage with the exception that she cites two cases she did not cite in her briefs").

3

1971) ("the unusual fact of the complete disappearance of plaintiff's attorney" justified granting Rule 60(b)(6) motion). This is not a situation like *Cirami*, 563 F.2d at 35, in which the movants showed that defense counsel "constructive[ly] disappear[ed]," was suffering from mental health issues, mislead his clients, and "made himself unavailable even to the trial judge." On the contrary, the plaintiffs have been represented by able and zealous counsel since discovery began, and counsel continues to represent them. The plaintiffs' arguments are more appropriately raised on appeal. *See Rinieri v. News Syndicate Co.*, 385 F.2d 818, 822 (2d Cir. 1967) ("Rule 60(b)(6) is not a carte blanche to cast adrift from fixed moorings and time limitations guided only by the necessarily variant consciences of different judges. It is not to be used as a substitute for appeal…").

## CONCLUSION

Accordingly, the plaintiffs' motion for reconsideration is denied.

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      July 18, 2019